IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Derrick Tyler Mills, #168411, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jail Administrator, Lexington County )<br>Detention Center, Suit brought in )<br>individual capacity, and James Metts, )<br>Sheriff, Lexington County, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 6:07-1695-HFF-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment.  In his complaint, the plaintiff, who is proceeding *pro se*, alleges civil rights violations while he was held as a pretrial detainee at the Lexington County Detention Center ("LCDC").  He named as defendants the Administrator of the LCDC and James Metts, the Sheriff of Lexington County.  The plaintiff is now incarcerated at Ridgeland Correctional Institution.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On October 3, 2007, the defendants filed a motion to dismiss or, in the alternative, for summary judgment.  By order filed October 4, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to

the motion. The plaintiff filed a response to the defendants' motion on January 2, 2008. The defendants filed a reply brief on January 14, 2008.

## FACTS PRESENTED

In his complaint, the plaintiff alleges:

> [D]efendants named herein violated his constitutional rights in relation to the 1983 complaint when jail officials show a reckless disregard to protect him from the risk of a potentially serious medical need by failing to renovate or locate its jail facility for a more health-free "asbestos" facility . . . .

(Comp. 3). The plaintiff states that he has been "engulfed with the idea as having the effects of asbestos disease" and further states that he has been experiencing irregular bowel movements (comp. 4). He seeks compensatory and punitive damages, including damages for "mental anguish" (comp. 5).

The plaintiff filed a previous complaint with this court on November 9, 2004, *Mills v. Lexington County Detention Center*, 6:04-cv-22880-HFF-WMC. The plaintiff named the LCDC, Sgt. NFN Jones, Sgt. NFN Granger, Sgt. NFN Hargrove, and Officer S. Russell as defendants. In that case, the plaintiff alleged, among other things, that he had medical problems associated with construction at the LCDC, claiming that these problems stemmed from exposure to asbestos. On February 10, 2005, the Honorable Henry F. Floyd, United States District Judge, ordered that the LCDC be dismissed from the case. On March 28, 2006, Judge Floyd adopted this court's recommendation and granted summary judgment in favor of the remaining defendants. The court noted that the evidence showed there was no known asbestos at the LCDC, and there was no evidence the plaintiff had any medical condition related to exposure to asbestos that required any form of treatment. Accordingly, the court found that the plaintiff's Fourteenth Amendment claims regarding conditions of confinement and deliberate indifference to serious medical needs failed.

2

## APPLICABLE LAW AND ANALYSIS

The defendants assert that the plaintiff's claims are barred by the doctrine of *res judicata*. This court agrees. The plaintiff previously filed essentially the same case in this court, along with various other conditions of confinement allegations, specifically asserting that he had been exposed to asbestos at the LCDC. As discussed above, in that previous case, Judge Floyd granted summary judgment to the defendants. The plaintiff appealed the grant of summary judgment, and the appeal was dismissed. *See* def. m.s.j., ex. C.

A party invoking *res judicata* (or claim preclusion) must establish (1) that there was a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057-58 (4th Cir. 1991). In *Meekins*, the Fourth Circuit Court of Appeals explained:

> The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding.*

*Id.* at 1057 (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989))(emphasis added).

As the Fourth Circuit Court of Appeals held in *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990):

> Consistent with the modern trend, *see* 18 Wright, Miller, & Cooper, § 4407; Restatement (Second) of Judgments § 24 (1982), we have adopted a transactional approach to the identity of claims question—"the appropriate inquiry is whether the new claim arises out of same transaction or series of transactions as the claim resolved by the prior judgment."

3

*Id.* at 740.  Regarding what constitutes the same "transaction or series of transactions," the Fourth Circuit has explained:

> The expression "transaction" in the claim preclusion context "connotes a natural grouping or common nucleus of operative facts." Among the factors to be considered in deciding whether the facts of the current and prior claims "are so woven together" that they constitute a single claim "are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."

*Pittston v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citations omitted).

As argued by the defendants, there was clearly a final judgment on the merits in the previous action.  Both this action and the prior action contain identical factual allegations arising out of the same transaction and/or series of transactions (*i.e.*, alleged asbestos exposure during renovation of the LCDC).  Finally, the defendants in the prior action are in privity with the defendants in the instant action.  "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'"  *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 651 (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir.1997)).  In the prior action, the plaintiff named the LCDC and employees of the LCDC as defendants, and in this action he has named the LCDC's Administrator and the Sheriff as defendants.

Furthermore, the issues in this case are also barred by collateral estoppel (or issue preclusion).  For collateral estoppel to apply, the proponent must establish that (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.  *Sedlack v. Braswell*

4

*Servs. Group,* 134 F.3d 219, 224 (4th Cir. 1998).  Elements 1, 2, and 3 have been met as the issue of the plaintiff's alleged exposure to asbestos during the renovation of the LCDC was raised, determined, and was a critical part of the decision in the prior proceeding. Further, the prior judgment was final and valid.  Element 5 has also been met.  In the previous action, the plaintiff filed a response to the defendants' motion for summary judgment.  After the District Court adopted this court's recommendation, the plaintiff appealed to the Fourth Circuit Court of Appeals.  Clearly, the plaintiff had a full and fair opportunity to litigate the asbestos issue in the prior action.  Based upon the foregoing, the plaintiff's claims are barred by collateral estoppel in addition to *res judicata*.

The plaintiff claims that he brings this lawsuit based upon newly discovered information, stating that his irregular bowel movements, which he attributes to asbestos exposure, commenced during the appeal of the prior action (pl. resp. m.s.j. 3).  However, there is no evidence that the plaintiff's alleged health issues are in any way related to exposure to asbestos at the LCDC.  In fact, the evidence presented in the prior action showed that there was no known asbestos at the LCDC, and the plaintiff did not have any medical condition related to exposure to asbestos that required treatment while the plaintiff was at the LCDC.  *See Mills v. Lexington County Detention Center*, 6:04-cv-22880-HFF-WMC, docket no. 36, R&R at 6.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion (doc. 14) be granted.

s/William M. Catoe
United States Magistrate Judge

April 7, 2008

Greenville, South Carolina

5